UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY



MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-6340

**WILLIAM J. MARTINI**
    **JUDGE**

## LETTER OPINION

October 18, 2010

Forrest Scott Turkish
595 Broadway
Bayonne, NJ 07002
    *(Attorney for Plaintiff)*

OSK Paper International, Inc.
3398 Kiveton Court
Norcross, GA 30092
    *(Defendant)*

      RE:   *Doctor's Associates, Inc. v. Nehal D. Doctor*
             <u>Civil Action No. 10-2699 (WJM)</u>

Dear Litigants:

     This action comes before the Court on the motion of Plaintiff Doctor's Associates, Inc. for default judgment against Defendant, Nehal D. Doctor. There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons stated below, Plaintiff's motion is **GRANTED,** and default judgment shall be entered against Defendant, Nehal D. Doctor.

**I.**    **BACKGROUND**
     Plaintiff, Doctor's Associates, Inc. (hereinafter "Plaintiff"), is the owner of the Subway trade name and related service marks and is the Franchisor of the chain of sandwich shops. Plaintiff entered into a Franchise Agreement with Defendant, Nehal D. Doctor (hereinafter "Defendant"), for the operation of a Subway located at 671 Georges Road, North Brunswick, NJ 08902 (hereinafter "the Franchisee") dated June 29, 2004 as amended by Franchise Agreement #46478 dated July 18, 2008 between the parties

(hereinafter collectively referred to as "the Franchise Agreement"). (See Certification of Proof at paragraphs 2-3 and Exhibits "A" at paragraph 9.a. and "F" at paragraph 14, annexed thereto).

The Franchise Agreement provides for the arbitration of disputes between the parties and provides that any disputes concerning the Arbitration clause would be governed by the Federal Arbitration Act 9 U.S.C. §2, *et seq*. (See Certification of Proof at paragraph 6 and Exhibit "F" annexed thereto at paragraph 10.f.). Pursuant to the Franchise Agreement, arbitration proceedings were commenced before the Alternative Dispute Resolution Center resulting in an Arbitration Award entered on April 21, 2010. (Certification of Proof at paragraphs 7-9 and Exhibit "B" annexed thereto). The Arbitration Award terminated the Franchise Agreement and awarded monetary and injunctive relief, enjoining Defendant from using the Subway trademarks, etc. or from violating the Restrictive Covenant contained in paragraph 8.g. of the Franchise Agreement. (Certificate of Proof at paragraph 9 and Exhibit "B" annexed thereto). The Arbitration Award, entered April 21, 2010, was served upon Defendant by the Alternative Dispute Resolution Center on April 23, 2010. (Certificate of Proof at paragraph 13 and Exhibit "D" annexed thereto).

A Complaint seeking to confirm the Arbitration Award was filed in this matter on May 26, 2010. (CM/ECF Docket Entry No. 1). Default was entered by the Clerk in this matter on July 19, 2010 against Defendant. (*Id*. at No. 4-5). Any motion to modify or vacate the Arbitration Award pursuant to 9 U.S.C. §10 or §11, respectively, was required to have been made within three months of the date of the Arbitration Award. No motion has been made to vacate or modify the Arbitration Award even though more than three months have passed. (See Certification of Proof at paragraph 10).

Notwithstanding the foregoing, Defendant has failed to dis-identify the Subway store #12470 and has continued to use the Subway trade names, trademarks, etc. at said location, and continues to do so until present. By the time of the return date of the Motion, on October 4, 2010, 166 days will have lapsed since the entry of the Award. Pursuant to the Franchise Agreement at paragraph 8.e. and the Arbitration Award at paragraph 5, Defendant is liable to Plaintiff at the rate of $250 per day for each day Defendant continues to use the Subway Trademarks after the Arbitration Award. These penalties equal **$41,500.00** (166 days x $250 per day). Additionally, Plaintiff incurred **$2,650** in attorney's fees, **$406.66** in costs in connection with the prosecution of this matter, an arbitrator's fee in the amount of **$1,950**, and **$1,104.13** for that portion of the sums previously advanced to the Alternative Dispute Resolution Center by Doctor's Associates. (Totaling = **$47,610.79**).

II.   ANALYSIS

A defendant's default has the legal effect of admitting the truth of all well-pled allegations contained in the complaint that pertain to liability. *Comdyne I, Inc. v. Corbin*,

908 F.2d 1142, 1149 (3d Cir. 1990). With that in mind, the Court must consider the three factors that control whether a default judgment should be granted: (1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether the defendant's delay is due to culpable conduct. *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir.1984).

Here, the Court must accept the truthfulness of Plaintiff's allegations pertaining to breach of contract and non-payment of fees. In this context, the Court must consider the appropriateness of entering default judgment against Nehal D. Doctor. The Court finds that the longer Plaintiff does not receive payment, the more it is harmed. Therefore, if default were denied, Plaintiff would likely be prejudiced. In addition, it appears to the Court that Defendant, Nehal D. Doctor, was properly served and that Plaintiff took all proper steps in bringing its motion for default. Therefore, the Court is unaware of any litigable defenses available to the Defendant and finds that Defendant's failure to respond to the Complaint was the result of Defendant's own culpable conduct and no one else's. Therefore, the requirements for granting default judgment are satisfied.

### III.  CONCLUSION

For the reasons stated above, Plaintiff's motion for default judgment is **GRANTED** and default judgment is entered against Defendant Nehal D. Doctor. An appropriate final judgment order follows.

    /s/William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**